UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTH EASTERN DIVISION

| | |
|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA, INC., and BIOKYOWA, INC.<br><br>                 *Plaintiffs*,<br>v.<br><br>M/V ROBERT E. FRANE, engines, tackle, apparel, furniture, ect *IN REM* and, BLUEGRASS MARINE, LLC, and MARQUETTE TRANSPORTATION CO., LLC.,<br><br>                 *Defendants.* | CASE NO.: 09<br><br>**VERIFIED COMPLAINT** |

Plaintiffs, Sompo Japan Insurance Company of America, Inc. and Biokyowa, Inc. (collectively "Plaintiffs"), by their attorneys, Maloof, Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

1.      The following premises are true and constitute claims of admiralty and maritime jurisdiction under 28 U.S.C.§1333 and under Rule 9(h) of the Fed. R. Civ. P.; and claim under federal question jurisdiction 28 U.S.C. §1331; and/or under supplemental jurisdiction of the Court pursuant to 28 U.S.C. §1367.

2.      At all times material hereto, Plaintiff Sompo Japan Insurance Company of America, Inc. ("Sompo") was and is an insurance company organized and existing under the laws of the State of New York, with its principal office and place of business located in New York, New York, and was the insurer of the shipment which is the subject matter of this action.

3.      At all times material hereto, Plaintiff, Biokyowa, Inc. ("Biokyowa") was and is a corporation organized and existing under the laws of the State of Missouri and is in the

business of manufacturing food supplements. Biokyowa is the owner of the terminal dock that was damaged in the allsision that is the subject matter of this suit. The loading dock is located on the Mississippi River at Frisco Railroad at Loc. 040, 2605 South Sprigg Street, Cape Girardeau, MO 63703.

4. Venue is proper in this district as the allision occurred within this district and the damaged property is in this judicial district pursuant to 28 U.S.C.§1391(2).

5. At all material times Defendant *M/V Robert E. Frane* (hereafter "Vessel" or "Defendant") was a merchant Vessel and is now, or will be during the pendency of process herein, within the jurisdiction of this Honorable Court. During the relevant time period the Vessel was used to tow barges and transport cargo in and about the Mississippi River in the vicinity of Cape Girardeau, Missouri, a navigable water in the United States. The Vessel was built in 1958 and was 200 feet long and 45 feet wide.

6. At all material times, Defendant Marquette Transportation Co., LLC (hereafter "Marquette" or "Defendant"), was, and now is, a limited liability company or other business entity organized and existing under and by virtue of the laws of Delaware, and/or owned, operated, chartered, managed and/or otherwise controlled the Vessel as a general vessel and the operation of tow boats and transporting barges, among others, between Ports in the United States and inland waters including the Mississippi River and does business in and is subject to the jurisdiction of this Honorable Court.

7. At all material times, Defendant Bluegrass Marine LLC (hereafter "Bluegrass" or "Defendant") was, and now is, a limited liability company or other business entity organized and existing under and by virtue of the laws of Delaware, and owned, operated,

chartered, managed and/or controlled the Vessel as a general vessel. Bluegrass does business on the Mississippi River and is subject to the jurisdiction of this Honorable Court.

8. Defendants Marquette and Bluegrass also had the responsibility to ensure that all crew members of the Vessel were properly skilled, instructed, evaluated and trained for the intended operation of the Vessel and the supervision of the crew members. Marquette and Bluegrass failed to exercise care in performing their duties, which caused damage and loss to Plaintiffs.

9. On or about August 11, 2008, the Vessel, a tow boat, was pushing one or more barges on the Mississippi River, allided with Plaintiff Biokyowa stationary terminal dock, located on the Mississippi River mile 49.9 near 2605 South Sprigg Street, Cape Girardeau, MO 63703.

10. On or about August 11, 2008 the said Vessel negligently was caused to heavily contact the terminal dock, causing extensive damage. The Biokyowa terminal dock was used to dock barges and thereby transfer liquid cargos to shore tanks.

11. The collision was in no way caused by fault or negligence on the part of the Plaintiff Biokyowa, who owned and operated the terminal dock, but solely by reason of the negligence and fault of those on board and in charge of the Vessel. On information and belief, the Vessel and Defendants failed to maintain a proper lookout, the Vessel was traveling in day light, the Vessel was navigated by a person, inexperienced and incompetent to do so, the Vessel was navigated negligently and improperly under the facts and circumstances then prevailing and in such other respects as may be shown at a full hearing of the issues set forth in the cause herein.

12. Defendants, upon information and belief, acted negligently, recklessly

and/or engaged in willful misconduct in that it acted with willful, wanton, and reckless or negligent disregard in the management of the Vessel and the safekeeping of the Terminal and/or federal common law, because they or their agents negligently knowingly or recklessly or negligently permitted the terminal dock to be damaged.

13. By reason of said damage, Plaintiff Biokyowa has lost the use of the terminal dock, and has and will incur expenses for surveys, repairs and replacements, and has or will suffer losses associated with business disruption and repair and replacement costs of its terminal dock.

14. Plaintiff Sompo insured Biokyowa and paid certain damages incurred by its assured due to the collision and damage caused by Defendants. Plaintiff Sompo brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties interested in and who were damaged as a result of the damage suffered by the said collision, as their respective interests may ultimately appear and are duly entitled to maintain this action.

15. Plaintiffs have performed all conditions on their parts to be performed.

16. By reason of the foregoing, Plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be U.S. $750,000.00.

## TORT CLAIMS
### (AGAINST ALL DEFENDANTS)

17. Plaintiffs incorporate herein by reference the allegations of paragraphs 1-16 above.

18. The Defendants, by their negligence, gross negligence, recklessness or willfulness, damaged the terminal dock.

19. By reason of the foregoing, the Defendants have caused damage to Plaintiffs and to the others on whose behalf Plaintiffs sue, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $750,000.00.

WHEREOF, Plaintiffs pray:

1. That process in due form of law may issue against the Defendants citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiffs against Defendants, for the amount of Plaintiffs' damages, together with interest and costs and the disbursements of this action; and

3. The *M/V Robert E. Frane* be condemned and sold to pay the amount due Plaintiffs, or that the said Letter of Undertaking securing said claim be executed upon, to pay the amount due Plaintiffs, together with interest thereon, fees and costs of these proceedings; and

4. That this Court will grant to Plaintiffs such other and further relief as may be just and proper.

Dated: St. Louis, Missouri  GOLDSTEIN & PRICE LC
July 21, 2009

By: /s/John R. Halpern
John R. Halpern, EDMO #3310
GOLDSTEIN & PRICE LC
One Memorial Drive, Suite 1000
St. Louis, MO 63102
Tel: (314) 421-0710
Fax: (314) 421-2832

-and-

MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue -Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
*Attorneys for Plaintiffs*

F:\WP-DOCS\2507.01\052809 Complaint.doc

# VERIFICATION

STATE OF MISSOURI )
)ss
CITY OF ST. LOUIS )

JOHN R. HALPERN, being duly sworn, states that he is the attorney for the Plaintiffs in this action and that the foregoing complaint is true and correct to the best of his knowledge, except as to matters therein stated on information and belief and as to those matters he believes it to be true; that the sources of his knowledge and the grounds of his belief are communications received from Plaintiffs and their agents, and from documents in the possession of attorneys for Plaintiffs; that the reason why the verification is not made by Plaintiffs is that Plaintiffs are foreign interests none of whose officers are presently available within this District.

_____
JOHN R. HALPERN

SWORN TO AND SUBSCRIBED BEFORE ME THIS 21st DAY OF ~~JUNE~~ July, 2009.

_____
NOTARY PUBLIC

TANYA LIVERAR
Notary Public - Notary Seal
State of Missouri
Commissioned for Jefferson County
My Commission Expires: December 28, 2010
Commission Number: 06413726